95 P.2d 208

**VICENTE v. FAGAN et al.**

No. 4478.

Supreme Court of New Mexico.

Oct. 16, 1939.

H. B. Hamilton, of Santa Rosa, for appellant.

Reed Holloman, of Santa Fe, and R. M. Krannawitter, of Vaughn, for appellees.

MABRY, Justice.

Appellant, Manuel Vicente, plaintiff below, sued Fagan and wife and one C. I. Love, appellees, charging conspiracy on the part of the defendants by which appellant was deprived of the legal title to a certain tract of land in Guadalupe County. This land appellant had previously purchased from appellees Fagan and wife.

Appellant's deed from Fagan and wife contained the ordinary warranty against liens and incumbrances, including liens for unpaid taxes, and was dated September 21st, 1933. Some years later appellee Love came into legal ownership of the land in question through purchase of a tax sale certificate for delinquent taxes for the year 1933, thereafter securing a tax deed from the county treasurer, all regularly and as required by law.

Appellant brought suit to cancel and set aside the tax deed of appellee Love. He claimed that Fagan and wife had agreed

to pay the 1933 taxes. He apparently relied upon his claim that such taxes should have been paid by grantors Fagan and wife and that appellee Love, who was, incidentally, the father of Mrs. Fagan, knew of the alleged obligation and agreement on the part of the Fagans to pay such taxes when the sale was made to appellant in 1933, and claimed that this fact, taken with the facts and circumstances surrounding the transaction by which Love secured title by tax deed, was sufficient to show conspiracy on the part of appellees to get title to the land in the name of appellee Love.

The trial court found against the contention of appellant, not only upon the question of the obligation of the Fagans under the language of the deed and the facts alleged to pay the taxes for the year in question, but likewise upon the question of Love being a party to any understanding or having any knowledge of any facts which could have made him liable to appellant upon any theory.

The sale from Fagans to appellant was made in September, 1933, and taxes for this year did not become delinquent until December following.

If there be no agreement to the contrary as between vendor and vendee, taxes upon real estate do not become a lien and therefore are not payable by vendor under his general warranty of title until such taxes have become delinquent. Sec. 141-412, N. M. Comp.Laws 1929.

The court found there was no such contrary agreement as between appellant and appellees Fagan and wife, and held it was in fact the duty of appellant himself to pay the taxes for the year in question. In any event, it is difficult to see how, under the evidence, it could be reasonably urged that appellee Love could have been affected regardless of any obligation to pay such taxes as between appellant and the Fagans.

■ There was nothing in the record to sustain appellant's claim of conspiracy.

■ The findings of the court are amply supported by the evidence. It is. elementary that findings of fact by the trial court supported by substantial evidence will not be disturbed on appeal.

The judgment of the court will be affirmed, and, it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and SADLER, JJ., concur.